**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| MARK CLIFTON BRADFORD,<br><br>    Plaintiff,<br><br>v.<br><br>NATHANIEL CHRISTOPHER KUMMERFELD,<br><br>    Defendant. | § § § § § § § § § § § § § § |  CIVIL ACTION NO.  5:19-CV-00143-RWS |

**ORDER**

Plaintiff Mark Bradford, proceeding *pro se*, filed this civil action purportedly under 28 U.S.C. § 1331 challenging his conviction, for which he is no longer in custody.  This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.  The sole named Defendant is Assistant U.S. Attorney Nathaniel Kummerfeld.

    **I.    Background**

In a complaint written largely in impenetrable jargon, Plaintiff appears to argue that his conviction is invalid because he is "a transient foreigner without legal domicile" and that he is thus outside the jurisdiction of all courts.  He denies the existence of certain "corporations," including the United States, the United States District Court for the Eastern District of Texas, Texarkana Division, THE STATE OF TEXAS [in all capital letters], MARK CLIFTON BRADFORD© [in all capital letters], and other corporation members who are aliens or who may be associated with claims against the Plaintiff's natural body.  His complaint is replete with references to the Uniform Commercial Code, and he also mentions the Accardi Doctrine, which

he defines as the doctrine that a government agency must observe rules or procedures which it has established, and, when it fails to do so, its action cannot stand and the courts will strike it down.

Because he is a "natural person," Bradford argues that government entities lack jurisdiction over him. He termed his cause of action "a breach of fiduciary duty," stating that he is challenging the "unlawful acts of jurisdictional enforcement and due process violations" by Kummerfeld in Plaintiff's criminal case. He claims that Kummerfeld must provide documented evidence of jurisdiction or a law that can supersede a holder in due course priority claim and demands the "certificate of statutes from the Supreme Court" giving power to enforce any such laws.

The United States filed a motion to dismiss, construing the lawsuit as a claim for breach of fiduciary duty under the Federal Tort Claims Act and seeking dismissal for failure to exhaust administrative remedies and failure to state a claim. Plaintiff filed a response stating that, as a transient foreigner without legal domicile, he is exempted from the jurisdiction of the courts. He argued that his lawsuit is not brought under the Federal Tort Claims Act but is a "jurisdictional complaint" under 28 U.S.C. §1331, indicating that he does not believe that the court had jurisdiction over the persons or the subject matter in his criminal case, Case No. 5:12-cr-11.[1]

## II.  The Report of the Magistrate Judge

After reviewing the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. Docket No. 14. The Magistrate Judge observed that the proper means for seeking relief from a conviction after completing the sentence is through a writ of error *coram nobis*, but Plaintiff's allegations wholly fail to set out any basis for *coram nobis* relief. His claim that the courts lack jurisdiction over him because he is a "stateless person" lacks merit because

---

[1] In his criminal case, Plaintiff pleaded guilty to one count of wire fraud and received a 34- month sentence on November 16, 2012.

even if he were a "stateless person," the Court nonetheless has jurisdiction because he committed an offense under United States law.

The Magistrate Judge also concluded that Plaintiff did not state a claim against Kummerfeld for breach of fiduciary duty because he has not shown that prosecutors and defendants have a fiduciary relationship or that the prosecutor owed him any fiduciary duties. The Magistrate Judge stated that the Uniform Commercial Code has no bearing on this case and cannot serve to set aside Plaintiff's criminal conviction. Plaintiff's complaint indicates that he considers himself a "sovereign citizen." Such a claim has been rejected by the courts, and the Magistrate Judge stated that Plaintiff's claims fail for the same reason.

### III.     Plaintiff's Objections

In his objections, Plaintiff describes himself as "a state citizen and inhabitant of Cass County, Texas," but nonetheless asserts that he is a "transient foreigner without legal domicile" as defined in 28 U.S.C. § 1332 and 4 U.S.C. § 110(d). He argues that all stateless persons are not subject to the jurisdiction of the federal courts because they are domiciled outside of the general jurisdiction of the federal government.

Plaintiff claims that, when Kummerfeld took on the role of plaintiff, presumably in Plaintiff's criminal case, and asserted that the trial court had jurisdiction, he waived his sovereign immunity and gave permission to be sued for the claims presented against him. He claims that, once a party denies that a court has subject matter or personal jurisdiction, it becomes the burden of the party asserting jurisdiction to provide evidence establishing jurisdiction. Without such evidence, Plaintiff argues, the judgment in his criminal case was void from the beginning. He contends that Kummerfeld "acted as witness, victim, authorized representative, and counsel" in the criminal case, and thereby waived all forms of immunity.

Plaintiff next argues that he is challenging the subject matter jurisdiction of the district court in his criminal case, which he can do at any time. He contends that the plea agreement which he entered did not waive his right to challenge either subject matter jurisdiction or personal jurisdiction, and he claims that he was never given the opportunity to challenge the court's subject matter jurisdiction. He states that he has rescinded his signature on all documents in his criminal case and argues he need not pursue a writ of *coram nobis* because, without proof of jurisdiction, the judgment in his criminal case is void.

Next, Plaintiff asserts that he was not charged with violating "a United States law written in the Constitution of the United States" but rather a "corporate federal statute codified in the United States Code Annotated." If he did violate a federal law, he contends, Kummerfeld has not produced "the certificate of statute filed with the United States Supreme Court which would give the court or any public official the powers to enforce said statute of law." He says that there has been no evidence to support the claim that he is not a stateless person or transient foreigner but that he has provided evidence in the form of a "commercial registered uniform financing statement which was never disputed and is recorded with the State of Arkansas' Secretary of State's UCC Division." In this regard, Plaintiff asserts that he has never been a lawful signatory of the state or federal constitutions and therefore never voluntarily forfeited his rights or jurisdiction to the United States. He says the "CORPORATE MARK CLIFTON BRADFORD" (capitalized by plaintiff), identified as the defendant in cause no. 5:12cr11, does not legally exist and is a fictitious entity.

Plaintiff argues that there has been no evidence that he was contractually obligated to abide by the law which he allegedly violated. He appears to assert that Kummerfeld "orchestrated acceptance of monetary funds for the State of Texas in the form of penal bonds" on top of pursuing

Plaintiff's incarceration, indicated that "the State of Texas has a personal interest in the case." He denies that he is a "sovereign citizen," instead characterizing himself as a "private secured party creditor that has no contracts with the CORPORATE STATE OR FEDERAL government of the UNITED STATES OF AMERICA in its CORPORATE UNIONIZED FORM." He says that he is not above the law of the land as written in the Constitution and will accept punishment handed down by a court of competent jurisdiction if such jurisdiction is proven in the official record with documented evidence attached.

### IV.   Discussion

The indictment in criminal case no. 5:11-c-r12 alleged that Bradford lived in Bowie County, meaning that he was not "a transient foreigner without legal domicile" but in fact had his domicile within the territorial jurisdiction of the United States District Court for the Eastern District of Texas. The indictment further alleged that Bradford violated 18 U.S.C. § 1343, a federal criminal statute. Federal district courts have original jurisdiction over all offenses against the United States, and to invoke this subject matter jurisdiction, the indictment need only charge the defendant with an offense against the United States in language similar to that used by the relevant statute. *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013). The indictment in Plaintiff's case properly invoked both subject matter jurisdiction and personal jurisdiction. Plaintiff's objection in this regard is without merit.

Although Plaintiff filed a number of documents in his criminal case, including copies of UCC filings, the purported creation of a trust, a "discharged birth certificate," and a statement declaring that he is a "flesh and blood man" and is therefore "above the corporate government called Texas/UNITED STATES OF AMERICA operating in a de facto bankruptcy capacity/status," none of these documents have any legal effect with regard to the validity of his

conviction. *See, e.g.*, *United States v. Mitchell*, 405 F.Supp.2d 602, 603–04 (D. Md. 2005) (finding it "unfathomable" that a provision of the Uniform Commercial Code could have any relevance in a criminal proceeding); *Santos v. Texas*, Civil Action No. 6:18-cv-276, 2018 U.S. Dist. LEXIS 223592 (E.D. Tex. Sept. 12, 2018), *report and recommendation adopted* 2019 U.S. Dist. LEXIS 52245 (E.D. Tex. March 12, 2019) (find that a claim of exemption from prosecution based on the Uniform Commercial Code was frivolous).

The spelling of Plaintiff's name in all capital letters and his purported rescission of his signature on the plea agreement, coming years after his conviction became final, likewise are of no legal effect. *See, e.g.*, *Greathouse v. U.S.*, Civil Action No. 9:09-cv-36, 2009 U.S. Dist. LEXIS 96971 (E.D. Tex. Oct. 20, 2009); *Jaeger v. Dubuque County*, 880 F.Supp. 640, 643 (N.D. Iowa 1995) (rejecting claim that spelling a name in all capital letters changes the status of an individual or creates a "corporate person."). Plaintiff has not shown any valid legal basis for his claims and his objections are without merit.

### V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 14) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendant's motion to dismiss (Docket No. 7) is **GRANTED**. The

above-styled civil action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that all of claims for relief are **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 24th day of September, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE